UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHIRLEY WINEMILLER, as guardian
and on behalf of T.W., a minor,

    Plaintiff,

v.                                          Case No. 8:13-CV-2995-T-17EAJ

GRADY JUDD, Polk County Sheriff, in
his official capacity

    Defendant.
_____/

## ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS

This matter comes before the Court pursuant to Defendant's, GRADY JUDD, Polk County Sheriff, in his official capacity ("Defendant"), Motion to Dismiss, (Doc. # 5), filed on January 16, 2013, and Plaintiff's, SHIRLEY WINEMILLER,[1] as guardian and on behalf of T.W., a minor ("Plaintiff"), Response and Motion to Amend in the Alternative, (Doc. # 7). For the reasons set forth below, the Defendant's motion is **GRANTED** in part.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a Plaintiff's complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." A Defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim on which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

---

[1] On August 6, 2014, Plaintiff moved to substitute Travis Miller as the Plaintiff, and this Court granted Plaintiff's motion. This has no bearing on the Court's analysis of the instant motion to dismiss.

(2007). "While a complaint attacked by a [Rule] 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide grounds of his [or her] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (second alteration in original) (citation omitted) (internal quotation marks omitted).

On a Rule 12(b)(6) motion to dismiss, a court must "accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." Alvarez v. Attorney Gen. for Fla., 679 F.3d 1257, 1261 (11th Cir. 2012). Courts follow a two-prong approach when considering a motion to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). If "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then the claim meets the "plausibility requirement," but it requires "more than a sheer possibility" that the allegations are true. Id. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned [...] accusation." id. (quoting Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265 (1986)).

**STATEMENT OF FACTS AND BACKGROUND**

On February 24, 2012, T.W. was housed in the Polk County Jail. (Doc. # 5). During this incarceration, T.W. was confined to cell number 8 of the Foxtrot dorm in the Charlie building for an extended "lock-down" with three additional inmates, lasting in

2

excess of six hours. (Doc. # 1, 7). The Polk County Jail houses 70 to 80 juvenile inmates at any given time. Id. While confined, T.W. alleges the three additional inmates "brutally beat[], tortured[,] and degraded" him "without any protection or intervention from the jail guards. id. Plaintiff alleges T.W.'s Eighth and Fourteenth Amendment rights were violated based on Defendant's failure to "provide engaged staff to supervise the juvenile detainees," and, rather, rely "on cameras and remote supervision" that resulted in "frequently leaving the detainees unattended for lengthy amounts of time." Id. This remote monitoring had alleged "blind spots" and other deficiencies that prevented the staff from adequately monitoring and supervise common areas. Id. Plaintiff alleges Defendant was aware "that when [T.W.'s housing cell] was closed[,] voices and noises inside are muted to the guards who monitor the cells either by video camera or by direct line of sight in the common area." Id. Further, Plaintiff alleges "Defendant was also aware that fights between detainees routinely occurred in these blind spots and in this cell in particular," and that "tests of the heart" and other forms of challenges involving physical provocation and violence were common between "detainees of different races." Id. Based on these alleged circumstances, Plaintiff claims Defendant "failed to provide, as a matter of policy and practice, adequate staffing, supervision, or training to protect juvenile detainees from harm." Id. This resulted in significant and severe physical and mental injuries without any protection nor intervention from jail staff. Id. In addition to the constitutional claim, Plaintiff pleads an alternative theory of negligence based on the same allegations. Id.

Defendant bases his Motion to Dismiss on Plaintiff's failure to state a constitutional claim, and that the factual allegations do not support Plaintiff's claim of inadequate training. (Doc. # 5). In alleging Plaintiff's Complaint lacks a proper constitutional claim,

3

Defendant argues: 1) there is no factual support to allege a policy or custom is responsible for Plaintiff's injuries; 2) causation is not alleged; and 3) a pattern of constitutional violations are not alleged. Id. Additionally, Defendant contends Plaintiff's claim for punitive damages in Count I is legally barred, and Plaintiff's failure to plead special damages should be stricken. Id.

Plaintiff opposes the Motion to Dismiss, and argues the Complaint provides a sufficient basis upon which a claim of relief is plausible when the facts are accepted as true. (Doc. # 7). Plaintiff cites Defendant's decision to house juvenile inmates in areas remotely monitored without engaged staff physically present, the regularity and frequency of fights among inmates in these remotely monitored areas, as well as the severity and amount of time over which the violence occurred—approximately six hours. Id. Plaintiff contends these allegations establish a custom or unwritten practice that amounted to a deliberate disregard of a pervasive risk of harm to housed inmates. id. Plaintiff suggests the existence and disregard of these circumstances not only allowed, but encouraged these attacks to occur, especially when inmates of different races mixed. Id. Plaintiff alternatively argues the proper remedy is amendment, rather than dismissal. id.

## DISCUSSION

### A. Factual Sufficiency of Plaintiff's Complaint

This Court must accept the factual allegations as true and construe them in a light most favorable to the Plaintiff. Alvarez, 679 F.3d at 1261. Construing the facts in this light, and eliminating the legal conclusions contained in the Amended Complaint, Plaintiff has sufficiently pled factual allegations upon which relief is plausible to survive Defendant's Motion to Dismiss. Am. Dental Ass'n, 605 F.3d at 1290. To establish a claim

4

for unlawful condition of confinement under 42 U.S.C. § 1983, a pre-trial detainee must plausibly allege a defendant knew of a substantial risk of confinement, disregarded that risk or failed to take reasonable measures to protect the pre-trial detainee in response to that risk, and the defendant's conduct, acting under color of law, caused the pre-trial detainee to sustain damages. Rodriguez v. Sec'y for Dep't of Corr., 508 F.3d 611, 616–617 (11th Cir. 2007); Am. Dental Ass'n, 605 F.3d at 1290. "An Eighth Amendment violation will occur when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not 'respond[] reasonably to the risk.'" Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003).

Here, Plaintiff alleges Defendant deliberately disregarded a "pervasive risk of harm" to juveniles through Defendant's customs or unwritten policies. (Docs. ## 1, 7). These customs or unwritten policies—housing juvenile detainees with adults, remotely monitoring areas prone to physical violence with known blind spots and no audio surveillance, and failing to provide sufficient staffing, supervision, or training to address these issues—were the alleged "moving force" and causation that subjected T.W. to physical violence resulting in severe and permanent physical, emotional, and psychiatric injuries and impairments. See Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997) (quoting Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 691 (1978)). Defendant's argument that this is an isolated incident and did not result from a custom or policy is misplaced at this stage of litigation. Deliberate indifference to extreme deprivations of constitutional rights supports a cause of action under 42 U.S.C. § 1983. Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010). Plaintiff was allegedly subjected to six hours of uninterrupted physical violence due to a lack of audio monitoring and blind

spots in remote video monitoring. Based on the Complaint, it is plausible that Defendant was subjectively aware of these problems and acted with deliberate indifference when housing juvenile detainees. Sewell, 117 F.3d at 489.

While Defendant correctly asserts that a single incident cannot typically serve as a basis for liability in this case, and that a "pattern of constitutional violations is ordinarily necessary," (Doc. # 5), Plaintiff has sufficiently pled facts upon which she may plausibly recover. Plaintiff described at length the frequent "tests of the heart" juvenile detainees were subjected to while housed in the jail. Plaintiff need not plead with great specificity each incident or actor involved. Defendant is entitled to explore this allegation through pretrial discovery, and should Plaintiff fail to provide specific instances or circumstances supporting the burden of proof at later stages of litigation, Defendant is afforded appropriate remedies; however, dismissal is currently inappropriate.

Defendant cites American Federation of Labor & Congress of Industrial Organizations v. City of Miami, FL to defeat Plaintiff's contention Defendant inadequately staffed, trained, and supervised employees. 637 F.3d 1178, 1188 (11th Cir. 2011). However, the American Federation court decided the issue after discovery commenced and litigation moved to summary judgment proceedings. Again, dismissal on this basis at this stage of litigation is inappropriate; Plaintiff has pled sufficient factual allegations upon which relief is plausible.

### B. Punitive and Special Damages

Defendant next moves this Court to strike Plaintiff's demand for punitive damages, citing Colvin v. McDougall, 62 F.3d 1316, 1319 (11th Cir. 1995), and special damages, citing Federal Rule of Civil Procedure 9. Plaintiff did not respond.

Case No. 8:13-CV-2995-T-17EAJ

The United States Supreme Court held punitive damages are generally not allowed against a municipality, Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981), and the Eleventh Circuit Court of Appeals found Newport applies equally to municipalities as it does Florida sheriff's departments. Colvin, 62 F.3d at 1319 (referencing Morris v. Crow, 825 F.Supp. 295, 299 (M.D. Fla. 1993) (holding county sheriff's departments are immune from punitive damages claims under 42 U.S.C. § 1983), and Quinones v. Durkis, 638 F.Supp. 856, 859 (S.D. Fla. 1986) (holding sheriff's departments are only liable for damages if such damages are recoverable against a government entity such as a municipality)). Additionally, Federal Rule of Civil Procedure 9 requires claimed special damages to be specifically stated. Plaintiff failed to respond to either motion, and Local Rule 3.01(b) requires any party opposing a motion to file a response to the opposed motion within fourteen (14) days after service. The Court, finding no basis to the contrary, dismisses with prejudice Plaintiff's demand for punitive damages, and dismisses without prejudice Plaintiff's demand for special damages. Plaintiff may move to amend for punitive or special damages if appropriate and allowed by law.

Accordingly, it is **ORDERED** that:

1. Dismissal of the Complaint is **DENIED**;
2. Plaintiff's claim for punitive damages is **DISMISSED** with prejudice; and
3. Plaintiff's claim for special damages is **DISMISSED** without prejudice.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 8th day of August, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:   All Counsel and Parties of Record