# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

TRAVIS WINEMILLER,

      **Plaintiff,**

v.                        **Case No.: 8:13-CV-2995-T-17EAJ**

GRADY JUDD,

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Before the Court are non-party and proposed intervenors B.G., D.M. et al.'s ("Proposed Intervenors'")[1] **Motion to Intervene for the Purpose of Protecting Hughes Class Members' Privacy Interests and Right to Counsel** (Dkt. 39), Defendant Polk County Sheriff Grady Judd's ("Defendant's") **Response in Opposition to SPLC's Motion to Intervene** (Dkt. 41), and Plaintiff Travis Winemiller's ("Plaintiff's") **Response to Emergency Motion to Quash and Motion to Intervene** (Dkt. 42).[2]  Following a hearing on the motion and for the reasons stated, the Court recommends that Proposed Intervenors' Motion to Intervene for the Purpose of Protecting Hughes Class Members' Privacy Interests and Right to Counsel (Dkt. 39) be granted.[3]

---

[1] Proposed Intervenors are represented by the Southern Poverty Law Center ("SPLC").

[2] The motion has been referred to the undersigned for disposition or a report and recommendation. (Dkt. 39) See 28 U.S.C. § 636(b)(1).

[3] The Court has also considered the representations made in SPLC's Emergency Motion to Quash (Dkt. 29) and Defendant's Response in Opposition to Non-Party's Emergency Motion to Quash (Dkt. 34), as well as the positions of SPLC and Defendant regarding notice given to individuals regarding depositions raised in SPLC's Unopposed Motion to Supplement Record (Dkt. 45) and Defendant's Response to Proposed Intervenors' Unopposed Motion to Supplement Record (Dkt. 46).

**Background**

Plaintiff's amended complaint asserts one count of Eighth and Fourteenth Amendment violations, pursuant to 42 U.S.C. § 1983, and one count of negligence against Defendant.[4] (Dkt. 18) While incarcerated in a juvenile jail facility operated by Defendant on February 23, 2012, Plaintiff alleges that he was brutally beaten, tortured, and degraded over the course of six hours by three cellmates while he was in his locked dorm room, suffering significant and severe physical and mental injuries. Plaintiff states that fights between detainees routinely occurred and that, as a matter of policy and practice, Defendant failed to provide adequate staffing, supervision, or training to protect juvenile detainees from harm.

Additionally, on March 15, 2012, a class action lawsuit against Defendant was filed on behalf of juvenile detainees in Polk County, Florida's jail facilities. Hughes v. Judd, No. 8:12-cv-568-T-23MAP (M.D. Fla. 2012). In Hughes, the plaintiffs alleged unconstitutional conditions of confinement in the juvenile detention facility operated by Defendant and sought injunctive relief.[5] The plaintiff's motion for preliminary injunction was denied, but a primary class and two subclasses were certified. Proposed Intervenors state that the certification of the class and subclasses related back to the filing of the motion to certify the class on March 15, 2012. For the counts of dangerously violent conditions of confinement, punitive isolation and deliberate indifference, and punitive isolation without due process, a primary class was certified, comprising "each person who

---

[4] This action was initially brought by Shirley Winemiller as guardian and on behalf of T.W., as Plaintiff was a minor at the time the lawsuit was filed. Upon attaining majority, Plaintiff moved to substitute himself as the named plaintiff and real party of interest in this action. (Dkt. 16)

[5] SPLC serves as class counsel in the Hughes action.

is under eighteen or who is under the jurisdiction of the juvenile court and who is now or in the future incarcerated in the Polk County Jail."[6] Hughes, 2013 WL 1810806, at *1 (M.D. Fla. Apr. 30, 2013).  Sub–Class One was certified for the plaintiffs' count for the failure to provide rehabilitative services "to comprise each person who is under the jurisdiction of the juvenile court (that is, including preadjudicates and excluding direct files) and who is now or in the future incarcerated in the Polk County Jail." Id.  Sub-Class Two, related to the plaintiffs' count for deliberate indifference to children's mental illness, was certified "to comprise each person (1) who is now or in the future incarcerated in the Polk County Jail, (2) who is under eighteen or under the jurisdiction of the juvenile court, and (3) who suffers from a 'mental disorder.'"[7] Id.  Additionally, the classes in Hughes are considered to be evolving classes as individual youth incarcerated at the Polk County Jail are only present for a fixed period of time.

The Hughes court determined that all class members, even upon attaining majority, would be classified by their initials as a measure to protect their right to privacy, overruling Defendant's arguments that the names should be publicly disclosed once a litigant becomes an adult. (Dkt. 39 Ex. 1 at 3-5)  From November 18, 2013 to December 18, 2013, United States District Judge Steven

---

[6] Polk County Jail is defined to mean the Central County Jail, where the juveniles were detained.  Polk County also has a South County Jail, which is not at issue in Hughes or this case. See Hughes, 2013 WL 1821077, at *26 (M.D. Fla. Mar. 27, 2013), report and recommendation adopted as modified, 2013 WL 1810806 (M.D. Fla. Apr. 30, 2013).

[7] "[A] person who suffers from a 'mental disorder' is defined as a person (1) who is diagnosed by a mental health care professional, qualified in Florida both to diagnose mental disorders and to prescribe psychotropic medication, and who is suffering from a 'moderate' or 'severe' 'mental disorder,' as defined in the American Psychiatric Association's DSM–IV and (2) whose current diagnosis, including any prescription for psychotropic medication, appears in the person's 'intake' records presented to the Polk County Jail at the time the person is presented to, and accepted by, the Polk County Jail for detention." Hughes, 2013 WL 1810806, at *1 (M.D. Fla. Apr. 30, 2013).

3

D. Merryday presided over a bench trial regarding the plaintiffs' claims, and a decision in the Hughes action is pending.

## Arguments

In their motion, Proposed Intervenors seek to intervene in order to protect the Hughes class members' privacy interests and right to counsel. Although the Hughes action is for injunctive relief, Plaintiff in this case seeks damages for the injuries he sustained in an altercation at the jail. As part of discovery in this action, Defendant, pursuant to Fed. R. Civ. P. 30(a)(2), moved to depose eleven incarcerated individuals, in addition to Plaintiff, who were witnesses to the incident involving Plaintiff. (Dkt. 14, 25) In total, Defendant sought to depose seventeen individuals. (Dkt. 34 at 4-5) Defendant provided a chart demonstrating that of the seventeen deponents, only four were class members. (Id.) Proposed Intervenors contend that all of these individuals were members of the Hughes class and, accordingly, are represented individuals who were denied the right to counsel by Defendant.[8] Additionally, Proposed Intervenors seek to protect the Hughes class members' privacy interests by ensuring that their identities are protected in this action by the same measures in place in the Hughes action. Therefore, Proposed Intervenors seek to intervene for the limited purposes of ensuring Hughes class members have access to representation in depositions and that certain docket entries containing the individuals' names be sealed and any further filings in this action refer to any Hughes class members only by their initials.

_____

[8] At the time SPLC filed its motion to quash the depositions noticed by Defendant (Dkt. 29), four depositions had been taken and one was postponed. In the present motion to intervene, Proposed Intervenors state that nine individuals who were not yet deposed would like to be represented by counsel at deposition, four of the individuals deposed would have wanted to be represented at deposition, and that D.W. stated on the record that he was represented. (Dkt. 39 at 7 n.8)

4

Defendant asserts that Proposed Intervenors' interests are only broadly related to the specific incident at issue in this litigation. (Dkt. 41)   Additionally, Defendant has agreed to SPLC's attendance at the depositions.  Defendant contends that no protected information has been placed in the public record as the deponents are no longer minors.  Defendant adds that Proposed Intervenors' privacy interests have been eroded because the identities of the individuals and witnesses involved in the altercation causing Plaintiff's injuries were placed in the public record by the State Attorney in the criminal prosecutions stemming from the incident.

Plaintiff does not object to Proposed Intervenors' intervention. (Dkt. 42)  However, Plaintiff adds that the scope of communication with the deponents is not as limited as Defendant suggests, mentioning the deposition of M.N. where Defendant asked the individual about his incarceration and other incidents.  Additionally, Plaintiff intends to cross-notice the depositions to inquire about areas related to his claims regarding Defendant's failure to adequately staff, supervise, and train individuals employed at the jail.

## Discussion

**I.**   Intervention by Right

A party seeking to intervene by right who lacks an unconditional right to intervene via a federal statute must establish that:

> (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit.

Chiles v. Thornburgh, 865 F.2d 1197, 1213 (11th Cir. 1989) (citation omitted); see Fed. R. Civ. P. 24(a).

A.   Timeliness

In determining whether a motion to intervene is timely, the Court considers:

(1) the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be intervenor if his petition is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

Campbell v. Hail–Mark Elecs. Corp., 808 F.2d 775, 777 (11th Cir.1987).

Here, Proposed Intervenors filed their motion after learning of the depositions of former Hughes class members.  Although Defendant alleges that SPLC was aware of this action during the trial in the Hughes action, SPLC maintains that it was unaware of Defendant's contact with the former Hughes class members until communicating with Plaintiff's counsel on October 7, 2014. The day after learning of the depositions and disclosure of the individuals' names, SPLC filed a motion to quash the depositions and soon thereafter Proposed Intervenors filed the present motion.  The Court concludes that the motion was timely as it was filed soon after SPLC learned of this action and the depositions of former class members.

B.      Interest in the Subject Matter of the Suit

"Interest" under Rule 24 is defined as a "significantly protectable interest." Donaldson v. United States, 400 U.S. 517, 531 (1971).  The Eleventh Circuit "requires that the intervenor 'must be at least a real party in interest in the transaction which is the subject of the proceeding' and 'must have a direct, substantial, legally protectable interest in the proceeding.'" TIG Specialty Ins. Co. v. Fin. Web.com, Inc., 208 F.R.D. 336, 337 (M.D. Fla. 2002) (quoting Worlds v. Dep't of Health and Rehabilitative Servs., 929 F.2d 591, 594 (11th Cir.1991)).  That "interest need not, however, be of a legal nature identical to that of the claims asserted in the main action." Chiles, 865 F.2d at 1214

6

(internal quotations and citation omitted). "[I]nquiry on this issue is a flexible one, which focuses on the particular facts and circumstances surrounding each motion for intervention." Id. (internal quotations and citations omitted).

Here, Proposed Intervenors seek to intervene for the limited purpose of protecting the privacy interests and right to counsel of the Hughes class members.

Defendant argues that Proposed Intervenors' motion should be denied because the motion is not accompanied by "a pleading setting forth the claim or defense for which intervention is sought." (Dkt. 41 at 3)  However, the Eleventh Circuit does not strictly enforce the requirement of Rule 24(c), "choosing instead to disregard nonprejudicial technical defects." Piambino v. Bailey, 757 F.2d 1112, 1121 (11th Cir. 1985); see also State ex rel. Butterworth v. Jones Chems., 148 F.R.D. 282, 286 (M.D. Fla. 1993).   Accordingly, there is no prejudice to Defendant from Proposed Intervenors' technical failures, and Defendant is on notice as to the limited interests Proposed Intervenors seek to protect.

Furthermore, as Proposed Intervenors seek to intervene only for the limited purposes of protecting the disclosure of their full names and their right to counsel at depositions, their interests are related to the action. See Dow Jones & Co. v. U.S. Dep't of Justice, 161 F.R.D. 247, 253 (S.D.N.Y. 1995) (finding that widow of individual who committed suicide had an interest in an action where she moved to intervene to appeal court order enjoining Department of Justice from withholding copies of her husband's suicide note).

C.      Prejudice to Proposed Intervenor

The "interest [of intervenors] and the effect that the disposition of the lawsuit will have on their ability to protect that interest are closely related issues." Chiles, 865 F.2d at 1214.  Here,

Proposed Intervenors state that Defendant has taken the positions that the youth are not represented persons entitled to counsel at their depositions, that conducting the depositions without counsel for the deponents present or noticed was appropriate, and that redaction of the individuals' names from the record of this case is not required or warranted. (Dkt. 39 at 9-10)  However, Defendant has agreed to SPLC's attendance at depositions of witnesses it claims to represent and who have not disclaimed such representation. (Dkt. 41 at 4)  Additionally, Defendant has provided SPLC copies of the subpoenas served on the deponents and agreed to provide SPLC adequate notice of the depositions.  Without intervening, Proposed Intervenors have no way of protecting their interests from Defendants' positions that are adverse to their own.  Although Defendant has agreed to cooperate with Proposed Intervenors in scheduling depositions, ensuring the deponents' right to counsel, and redacting the names of individuals in the record, on balance, this factor weighs in favor of intervention.

> D.   Adequately Represented Interests

"[R]epresentation is adequate if no collusion is shown between the representative and an opposing party, if the representative does not have or represent an interest adverse to the proposed intervenor, and if the representative does not fail in fulfillment of his duty." Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist., 983 F.2d 211, 215 (11th Cir. 1993) (internal quotations and citations omitted).  This requirement "is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538 n.10 (1972).

Proposed Intervenors argue that their interests are not being protected as Defendant Judd's interests and actions in this case are adverse to the Hughes class members.  Additionally, Proposed

8

Intervenors' interests are not adequately represented by Plaintiff because he has elected to disclose his name and is represented by separate counsel. Therefore, this factor weighs in favor of intervention.

Accordingly, Proposed Intervenors' motion should be granted as they have met all four requirements for intervention by right under Rule 24(a), Fed. R. Civ. P. and the relevant case law.

**II.**     Permissive Intervention

When a nonparty lacks the right to intervene, "[o]n timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). "Permissive intervention under Fed. R. Civ. Proc. 24(b) is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties." Georgia v. U.S. Army Corps of Eng'rs, 302 F.3d 1242, 1250 (11th Cir. 2002) (citation omitted). "[I]t is wholly discretionary with the court whether to allow intervention under Rule 24(b) and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention." Worlds v. Dep't of Health and Rehabilitative Servs., 929 F.2d 591, 595 (11th Cir. 1991).

In the event the motion to intervene is denied under Rule 24(a), exercise of the Court's discretion to permit Proposed Intervenors to join this action is appropriate. As noted above, Proposed Intervenors' motion is timely. Additionally, the incident resulting in Plaintiff's injuries was also addressed in the Hughes litigation. As the Proposed Intervenors and Plaintiff were members of the Hughes class, there are related questions of fact and law raised in this action.

Proposed Intervenors seek to intervene for the limited purpose of protecting their privacy interests and right to counsel in depositions, and the Court concludes that intervention will not unduly prejudice or delay the adjudication of the rights of the original parties.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1)     Proposed Intervenors' Motion to Intervene for the Purpose of Protecting <u>Hughes</u> Class Members' Privacy Interests and Right to Counsel (Dkt. 39) be **GRANTED**.

**Date: April 13, 2015**

ELIZABETH A JENKINS
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. <u>See</u> 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Judge