## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

SHIRLEY WINEMILLER, as guardian
and on behalf of T.W., a minor,

      Plaintiff,

v.                                  Case No. 8:15-cv-2995-T-17EAJ

GRADY JUDD, Polk County Sheriff,
In his official capacity,

      Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on the report and recommendation (the "R&R") Magistrate Judge Elizabeth A. Jenkins issued on April 13, 2015.  (Doc. # 61).  Magistrate Judge Jenkins recommended granting non-party and Proposed Intervenors', B.G., D.M. et al., Motion to Intervene for the Purpose of Protecting Hughes Class Members' Privacy Interests and Right to Counsel.  (Doc. # 39).  Defendant, GRADY JUDD, filed his objections, (Doc. # 64), on April 27, 2015, to which Proposed Intervenors Responded, (Doc. # 65), on May 11, 2015.  For the reasons that follow, the Court **ADOPTS** the R&R.

## STANDARD OF REVIEW

When a party makes a timely and specific objection to a finding of fact in the report and recommendation, the district court should make a de novo review of the record with respect to that factual issue.  28 U.S.C. § 636(b)(1); U.S. v. Raddatz, 447 U.S. 667 (1980); Jeffrey S. v. State Board of Education of State of Georgia, 896 f.2d 507 (11th Cir. 1990). However, when no timely and specific objections are filed, case law indicates that the

court should review the findings using a clearly erroneous standard.  <u>Gropp v. United Airlines, Inc.</u>, 817 F.Supp. 1558, 1562 (M.D. Fla. 1993).  No timely objections were filed.

## DISCUSSION

The Court has reviewed the report and recommendation and made an independent review of the record.  Defendant's objection is based on the Conclusions of Law and Findings of Fact District Judge Steven D. Merryday issued in <u>Hughes v. Judd</u>. 2015 WL 1737871 (M.D. Fla. April 16, 2015).  Specifically, Defendant objects to the intervention because the aforementioned order extinguishes the <u>Hughes</u> class members' rights, and thus moots any claims the <u>Hughes</u> class members might assert.  The Proposed Intervenors assert although the merits of their case were decided, their "privacy interest to ensure the continued redaction of [the Proposed Intervenors'] names for events that occurred while they were minors" were not mooted due to the <u>Hughes</u> decision.  Upon due consideration, the Court concurs with the report and recommendation, as well as the Proposed Intervenors' contention that their privacy interest have not expired.

Accordingly, it is **ORDERED** that the Report and Recommendation, (Doc. # 61), is **adopted** and **incorporated by reference**; the Proposed Intervenors' Motion to Intervene, (Doc. # 39), is **GRANTED**.

It is **FURTHER ORDERED** that the Clerk of Court is directed to **SEAL** docket entries 14, 25, and 34.

It is **FURTHER ORDERED** that Plaintiff and Defendant continue to redact <u>Hughes</u> class members' names for the remainder of litigation.

It is **FURTHER ORDERED** that Defendant's counsel (and any agents thereof) refrain from communication with <u>Hughes</u> class members relating to the conditions of their confinement without notice to and consent of <u>Hughes</u>' class counsel.

It is **FURTHER ORDERED** that, absent leave of Court, Defendant may not seek to re-depose youth deposed outside the presence of counsel.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>24th</u> day of June, 2015.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:    All parties and counsel of record
Assigned Magistrate Judge